UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
LAWRENCE MASSARO,             :
                              :
          Plaintiff,          :    Civ. No. 13-6958 (NLH)
                              :
     v.                       :    OPINION
                              :
KAREN BALICKI, et al.,        :
                              :
          Defendants.         :
_____:
```

APPEARANCES:
Lawrence Massaro, #578722/SBI 903523
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
     Plaintiff Pro se


HILLMAN, District Judge

     Plaintiff Lawrence Massaro, a prisoner confined at Northern

State Prison in Newark, New Jersey, seeks to bring this civil

action in forma pauperis, without prepayment of fees or

security, asserting claims pursuant to 42 U.S.C. § 1983.

Plaintiff previously filed an application to proceed in forma

pauperis which was denied in an Order dated November 26, 2013.

(ECF No. 3).

     The Court's November 26, 2013 Opinion (ECF No. 2) explained

the requirements for prisoners wishing to proceed in forma

pauperis. See 28 U.S.C. § 1915.  In relevant part, Plaintiff was

informed that he must submit a prison trust account statement

certified by a prison official. 28 U.S.C. § 1915(a)(2).
Plaintiff was further instructed that, "to the extent Plaintiff
asserts that correctional officials have refused to provide the
certified account statement, any such assertion must be
supported by an affidavit detailing the circumstances of
Plaintiff's request for a certified institutional account
statement and the correctional officials' refusal to comply,
including the dates of such events and the names of the
individuals involved." (Mem. Op. 5, Nov. 26, 2013, ECF. No. 2).

On January 13, 2014, Plaintiff submitted another in forma
pauperis application which includes a lengthier prisoner account
statement than the one previously supplied.  However, the
account statement is not certified by a prison official.
Plaintiff explains that he attempted to obtain a signature from
a prison official, but that he "was advised that no prison
official or employee would sign the form because to do so is
against institutional policy." (Pl.'s Appl. 22, ECF. No. 5).
Plaintiff asks the Court to accept his letter and the
accompanying paperwork as the truth in this matter and to grant
him in forma pauperis status.

Because he has not submitted a trust account statement that
has been certified by an appropriate prison official, Plaintiff
has failed to submit a complete in forma pauperis application as
required by 28 U.S.C. § 1915(a)(1), (2).  Although Plaintiff

certifies that prison officials refused his request for
certification of the trust account, Plaintiff has not provided
any details regarding the circumstances of said request,
including dates or names of the individuals involved, as
required by the Court's November 26, 2013 Order.  Accordingly,
his application to proceed in forma pauperis will be denied.
See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir.
2009) (affirming administrative termination of prisoner civil
rights action for failure to comply with requirements of §
1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th
Cir. 2002) (affirming dismissal without prejudice of civil
action where prisoner submitted only uncertified copy of
institutional account statement); Johnson v. United States, 79
Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F.
App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without
prejudice of civil action where prisoner failed to submit the
required affidavit of poverty).

    Plaintiff is reminded that 28 U.S.C. § 1915, establishes
certain financial requirements for prisoners who are attempting
to bring a civil action in forma pauperis.  Under § 1915, a
prisoner seeking to bring a civil action in forma pauperis must
submit an affidavit, including a statement of all assets and
liabilities, which states that the prisoner is unable to pay the
fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a

certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from

a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff is again reminded that, to the extent he asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 30 days.  An appropriate Order will be entered.


__s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: April 21, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).