UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
LAWRENCE MASSARO,                  :
                                   :
          Plaintiff,               :   Civ. No. 13-6958 (NLH)
                                   :
     v.                            :   OPINION
                                   :
KAREN BALICKI, et al.,             :
                                   :
          Defendants.              :
_____:

APPEARANCES:
Lawrence Massaro, #578722/SBI 903523
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
     Plaintiff Pro se


HILLMAN, District Judge

     Plaintiff Lawrence Massaro, a prisoner confined at Northern

State Prison in Newark, New Jersey, seeks to bring this civil

action in forma pauperis, without prepayment of fees or

security, asserting claims pursuant to 42 U.S.C. § 1983.

Plaintiff previously filed two applications to proceed in forma

pauperis, the first of which was denied in an Order dated

November 26, 2013. (ECF No. 3).

     The Court's November 26, 2013 Opinion (ECF No. 2) explained

the requirements for prisoners wishing to proceed in forma

pauperis. See 28 U.S.C. § 1915.  In relevant part, Plaintiff was

informed that he must submit a prison trust account statement

certified by a prison official. 28 U.S.C. § 1915(a)(2).

Plaintiff was further instructed that, "to the extent Plaintiff

asserts that correctional officials have refused to provide the

certified account statement, any such assertion must be

supported by an affidavit detailing the circumstances of

Plaintiff's request for a certified institutional account

statement and the correctional officials' refusal to comply,

including the dates of such events and the names of the

individuals involved." (Mem. Op. 5, Nov. 26, 2013, ECF. No. 2).

On January 13, 2014, Plaintiff submitted another in forma

pauperis application (ECF No. 5), which included a lengthier

prisoner account statement than the one previously supplied.

However, the account statement was not certified by a prison

official.  Plaintiff explained that he attempted to obtain a

signature from a prison official, but that he "was advised that

no prison official or employee would sign the form because to do

so is against institutional policy." (Pl.'s Appl. 22, ECF. No.

5).  Plaintiff asked the Court to accept his letter and the

accompanying paperwork as the truth in this matter and to grant

him in forma pauperis status.

In an Order dated April 21, 2015 (ECF No. 12), this Court

again explained to Plaintiff that he failed to submit a complete

in forma pauperis application, as required by 28 U.S.C. §

1915(a)(1), (2), because the trust account statement was not

certified by an appropriate prison official.  This Court further explained that, although Plaintiff certified that prison officials had refused his request for certification of the trust account, Plaintiff failed to provide any details regarding the circumstances of said request, including dates or names of the individuals involved, as required by the Court's November 26, 2013 Order.  Accordingly, his application to proceed in forma pauperis was denied.

On June 1, 2015, the Court received yet another in forma pauperis application from Plaintiff. (ECF No. 13).  Again, the attached prison trust account statement is not certified by a prison official and no explanation is provided for the absence of a certification.  Therefore, Plaintiff's application will again be denied. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

Plaintiff is again reminded that 28 U.S.C. § 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the

full filing fee, or any part of it, has been paid, the Court

must dismiss the case if it finds that the action: (1) is

frivolous or malicious; (2) fails to state a claim upon which

relief may be granted; or (3) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. §

1915A (dismissal of actions in which prisoner seeks redress from

a governmental defendant); 42 U.S.C. § 1997e (dismissal of

prisoner actions brought with respect to prison conditions).  If

the Court dismisses the case for any of these reasons, § 1915

does not suspend installment payments of the filing fee or

permit the prisoner to get back the filing fee, or any part of

it, that has already been paid.

     If the prisoner has, on three or more prior occasions while

incarcerated, brought in federal court an action or appeal that

was dismissed on the grounds that it was frivolous or malicious,

or that it failed to state a claim upon which relief may be

granted, he cannot bring another action in forma pauperis unless

he is in imminent danger of serious physical injury. 28 U.S.C. §

1915(g).

     Plaintiff is also again reminded that, to the extent he

asserts that correctional officials have refused to provide the

certified account statement, any such assertion must be

supported by an affidavit detailing the circumstances of

Plaintiff's request for a certified institutional account

statement and the correctional officials' refusal to comply,

including the dates of such events and the names of the

individuals involved.

The allegations of the Complaint do not suggest that

Plaintiff is in imminent danger of serious physical injury. <u>See</u>

28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, the Clerk of the Court will

be ordered to administratively terminate this action, without

filing the Complaint or assessing a filing fee.[1]  Plaintiff will

be granted leave to apply to re-open within 30 days.  An

appropriate Order will be entered.


                                    __s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge


Dated: June 8, 2015
At Camden, New Jersey


---

[1] Such an administrative termination is not a "dismissal" for
purposes of the statute of limitations, and if the case is re-
opened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar <u>if</u> it was
originally submitted timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266
(1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc.
Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases
and explaining that a District Court retains jurisdiction over,
and can re-open, administratively closed cases).