```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
LAWRENCE MASSARO,                   :
                                    :
         Plaintiff,                 :   Civ. No. 13-6958 (NLH)
                                    :
    v.                              :   OPINION
                                    :
KAREN BALICKI, et al.,              :
                                    :
         Defendants.                :
_____:

APPEARANCES:
Lawrence Massaro, #578722/SBI 903523
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
    Plaintiff Pro se

HILLMAN, District Judge

    This matter is before the Court upon receipt of an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) filed by Plaintiff Lawrence Massaro. (ECF No. 17).  Plaintiff, a prisoner confined at Northern State Prison in Newark, New Jersey, filed this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff previously filed three in forma pauperis applications; each of which were denied by this Court (ECF Nos. 3, 12, 15) and resulted in administrative termination of the case.

    On or about August 21, 2015, Plaintiff filed a fourth application to proceed in forma pauperis (ECF No. 17) and the case was reopened for review by a judicial officer.  A review of

this submission reveals that Plaintiff has filed a complete application which includes a certified prison trust account statement. However, Plaintiff's application also establishes that he is not indigent and, thus, he is not eligible for in forma pauperis status.

In his application, Plaintiff certifies that he receives nearly $3,450 per month — $3,300 per month through his employment at the prison and $150 per month in gifts or inheritances. (In Forma Pauperis Application 2, ECF No. 17). According to Plaintiff's prisoner trust account, as of June 1, 2015, Plaintiff had over $1,200 designated as "spendable" funds. (Id. at 4). Further, Plaintiff does not allege that he has any expenses or significant financial obligations.

The Third Circuit has determined that leave to proceed in forma pauperis is based on showing of indigence. See Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995). A court must first review an applicant's financial statement, and, if convinced that he or she is unable to pay court costs and filing fees, the court will grant leave to proceed in forma pauperis.[1] Id.

---

[1] The Court notes that § 1915(a) allows both prisoner and non-prisoner plaintiffs alike to commence a legal action without prepayments fees and costs. See 28 U.S.C. § 1915(a). However, in response to "a sharp rise in prisoner litigation," Congress enacted the Prison Litigation Reform Act, which requires prisoners to pay the full amount of the filing fee in installments. Bruce v. Samuels, 136 S. Ct. 627, 629, 193 L. Ed.

2

The Supreme Court has clarified that one need not be absolutely destitute to qualify for in forma pauperis status. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948). Rather, under Adkins, it is sufficient for an applicant to certify that he cannot pay the fee and still be able to provide himself and his dependents with the necessities of life. Id.

In this case, however, Plaintiff is an inmate confined at the Northern State Prison in Newark, New Jersey. Thus, the majority of his "necessities of life" — including housing, food, clothing, and medications — are provided by prison authorities. In addition, Plaintiff certifies that he has approximately $3,450 in income each month, with no significant financial obligations, and his prisoner trust account reflects a spending balance in excess of $1,200. Thus, the Court is not convinced that Plaintiff is unable to prepay the court costs and filing fees. See Adkins, 335 U.S. 331; Deutsch, 67 F.3d 1080.

Accordingly, his application to proceed in forma pauperis is denied. See e.g., Tarin v. Morales, No. 15-5943, 2015 WL 7871161, at *2 (D.N.J. Dec. 4, 2015) (collecting cases) (determining that prepayment of the filing fee for a civil action would not be too burdensome for plaintiff within the

---

2d 496 (2016) (citations omitted); 28 U.S.C. § 1915(b). Non-prisoner plaintiffs are under no such repayment obligation.

meaning of the <u>Adkins</u> test); <u>cf.</u> <u>Matthews v. Suggs</u>, 382 F. App'x 125 (3d Cir. 2010) (finding abuse of discretion where district court determined that plaintiff had sufficient funds in his prison account to pay the fee, but failed to take into account plaintiff's other financial obligations).  However, out of an abundance of caution, this denial will be without prejudice. Plaintiff may renew his request to proceed <u>in forma pauperis</u> by submitting a revised application which demonstrates that he is indigent within the standard articulated in <u>Adkins</u>.

 For the foregoing reasons, Plaintiff's request to proceed <u>in forma pauperis</u> is DENIED WITHOUT PREJUDICE.

 An appropriate Order will follow.


Date: March 28, 2016        ____s/ Noel L. Hillman____
               NOEL L. HILLMAN
               United States District Judge

At Camden, New Jersey