UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
LAWRENCE MASSARO,                     :
                                      :
          Plaintiff,                  :    Civ. No. 13-6958 (NLH)
                                      :
     v.                               :    OPINION
                                      :
KAREN BALICKI, et al.,                :
                                      :
          Defendants.                 :
_____:

APPEARANCES:
Lawrence Massaro, #578722/SBI 903523
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
     Plaintiff Pro se

HILLMAN, District Judge

     Plaintiff Lawrence Massaro, a prisoner confined at Northern

State Prison in Newark, New Jersey, filed this civil rights

action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  The case was

administratively terminated three times due to Plaintiff's

failure to satisfy the filing fee requirement. (ECF Nos. 3, 12,

15).  On March 28, 2016, this Court denied Plaintiff's

application to proceed in forma pauperis. (ECF No. 19).

Thereafter, Plaintiff paid the filing fee and the case was

reopened for review by a judicial officer.

     At this time the Court must screen the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915A(b).  For the reasons set forth below, the Court will dismiss the claims against Defendants Baliki, Soliman, Martin, Correctional Medical Services, Shrager, and Mehta for failure to state a claim upon which relief can be granted.  The remaining claims and defendants will not be dismissed at this time.

I.   BACKGROUND

Plaintiff asserts that Defendants acted with deliberate indifference to his serious medical need in violation of his Eighth Amendment rights.  Specifically, Plaintiff explains that he was diagnosed with multiple incisional hernias which required corrective surgery. (Compl. 4, ECF No. 1).  Approximately four months after the surgery, Plaintiff experienced pain, obstruction of his bowls and a distended abdomen.  He sought additional medical treatment. (Id. at 4-5).  More than a year after the initial surgery, another surgery was performed and his condition was addressed. (Id. at 6).  Plaintiff contends that defendants acted with deliberate indifference by failing to provide "reasonable, timely and adequate medical care" after he experienced complications, and by failing to take "immediate corrective action." (Id.).

## II.   STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§
801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"),
district courts must review complaints in those civil actions in
which a prisoner is proceeding in forma pauperis, see 28 U.S.C.
§ 1915(e)(2)(B), seeks redress against a governmental employee
or entity, see 28 U.S.C. § 1915A(b), or brings a claim with
respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA
directs district courts to sua sponte dismiss any claim that is
frivolous, is malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief.  This action is subject to sua
sponte screening for dismissal under 28 U.S.C. § 1915A because
Plaintiff is a prisoner and is seeking relief from government
employees.

Every complaint must comply with the pleading requirements
of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires
that a complaint contain "a short and plain statement of the
claim showing that the pleader is entitled to relief."
"Specific facts are not necessary; the statement need only 'give
the defendant fair notice of what the ... claim is and the
grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89,
93 (2007) (citations omitted).

While a complaint ... does not need detailed factual
allegations, a plaintiff's obligation to provide the "grounds"
of his "entitle[ment] to relief" requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do ... .  Factual allegations must be
enough to raise a right to relief above the speculative level .
. . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citations omitted).

That is, a complaint must assert "enough facts to state a
claim to relief that is plausible on its face." Id. at 570.  "A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged." Fair
Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir.
2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).
"The plausibility determination is 'a context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense.'" Connelly v. Lane Const. Corp., 809 F.3d 780,
786-87 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 679); see also
Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations
omitted).  Thus, a court is "not bound to accept as true a legal
conclusion couched as a factual allegation," and "[t]hreadbare
recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

C. Eighth Amendment Deliberate Indifference Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103–04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part

of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)

Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See Johnson v. Stempler, 373 F. App'x 151, 153 n.1 (3d Cir. 2010) (citing Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U .S. 1006 (1988)).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S. Ct. 1970, 128 L. Ed. 2d

811 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Rather, to establish deliberate indifference, a prisoner must show that the defendant was subjectively aware of the unmet serious medical need and failed to reasonably respond to that need. See Farmer, 511 U.S. at 837; Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  Deliberate indifference may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. See Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir. 2013) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

D. Personal Involvement

The Third Circuit has "consistently held that '[a] defendant in a civil rights action must have personal

8

involvement in the alleged wrongs; liability cannot be
predicated solely on the operation of <u>respondeat superior</u>.'"
<u>Batts v. Giorla</u>, 550 F. App'x 110, 112 (3d Cir. 2013) (quoting
<u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)); <u>see
also Tenon v. Dreibelbis</u>, 606 F. App'x 681, 688 (3d Cir. 2015)
(§ 1983 claims may not be based on vicarious liability, each
defendant must have "personal involvement, including
participation, or actual knowledge and acquiescence, to be
liable").

### III. <u>DISCUSSION</u>

The crux of Plaintiff's Complaint is that Defendants, upon
learning of Plaintiff's failed surgical procedure, failed to
take immediate corrective action. <u>See</u> (Compl. 6, 7, 8, ECF No.
1).  However, Plaintiff does not make specific allegations that
Defendants Baliki, Soliman, Martin, Correctional Medical
Services, Shrager, or Mehta had any involvement in, or knowledge
of, Plaintiff's post-surgery treatment.

First, Plaintiff does not plead any facts with respect to
Defendant Baliki.  Next, with respect to Defendants Martin and
Soliman, Plaintiff states only that "Dr. Soliman approved
emergency transport" when Plaintiff experienced pain after his
surgery; and that Dr. Martin placed Plaintiff in the Extended
Care Unit for observation. (Compl. 5, ECF No. 1).  These limited
factual allegations do not suggest that these Defendants acted

with deliberate indifference; and, to the contrary, suggest that he received adequate care.  Moreover, Plaintiff explains that his claims against Defendants Baliki, Soliman, and Martin are predicated on their roles as supervisors (Compl. 2-3, ECF No. 1), and on their "lack of administrative oversight" (id. at 6). As explained above, however, a supervisor may not be personally liable absent any personal involvement or actual knowledge. See, e.g., Ramos v. Lt. Daye, No. 16-0050, 2016 WL 482019, at *4 (D.N.J. Feb. 8, 2016) (dismissing claims against supervisors where plaintiff pled no more than a conclusory allegation of supervisory liability).

Similarly, the only factual allegation as to Defendants Shrager and Mehta is that they participated in Plaintiff's initial surgery.  However, Plaintiff's claims are based on his post-surgery treatment and Defendants' alleged failure to take immediate corrective action when he experienced complications nearly four months after his initial surgery.  Nothing in the Complaint suggests that Defendants Shrager or Mehta had any knowledge of, or personal involvement in, Plaintiff's post-surgery treatment.

Finally, in order to establish liability as to Correctional Medical Services, Plaintiff would have to allege that the medical staff's actions were the result of some policy or custom, the implementation of which resulted in a violation of

Plaintiff's constitutional rights. <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003) (citing <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  Because Plaintiff has not articulated any such policy or custom, he has failed to adequately plead a cause of action against Correctional Medical Services. <u>See</u> <u>Dubois v. Vargas</u>, 148 F. App'x 111, 114 (3d Cir. 2005) (affirming district court's dismissal of claims against Correctional Medical Services because plaintiff had not articulated any policy or custom which resulted in a violation of his constitutional rights).

As explained above, Plaintiff has not pled any facts which suggest that these defendants were aware of, or involved in, the specific medical treatment decisions or the failure to give immediate corrective treatment which Plaintiff alleges violated his constitutional rights.  Accordingly, he has not adequately pled a cause of action against them.  Plaintiff's general and conclusory allegations that these defendants violated his Eighth Amendment rights are insufficient to state a cause of action. <u>See</u> <u>Twombly</u>, 550 U.S. at 555 (holding that entitlement to relief requires more than labels and conclusions); <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For these reasons, Plaintiff's claims against Defendants Baliki,

Soliman, Martin, Correctional Medical Services, Shrager, and Mehta will be dismissed without prejudice.

However, with respect to Defendant Shah and the John Doe Defendants, Plaintiff asserts that these defendants were aware of his failed surgery and of his painful medical condition; namely, his "recurrent ventral hernia." (Compl. 4, ECF No. 1). Plaintiff further asserts that Defendant Shah and the John Doe Defendants failed to take immediate corrective action, and also delayed treatment — a corrective surgery — for a period of over three months. The Court makes no findings as to the merits of this claim. Nevertheless, based on the factual allegations set forth above, his Eighth Amendment claim against Defendant Shah and the John Doe Defendants will not be dismissed at this time.

## IV. REQUEST FOR PRO BONO COUNSEL

Plaintiff attaches to his Complaint a request for the appointment of pro bono counsel. (Compl. 11-16, ECF No. 1).

### A. Standard

The court may, pursuant to § 1915(e), request an attorney to represent an indigent plaintiff in a civil action. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). District courts have broad discretion to request counsel for indigent pro se litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant. Brightwell v.

12

Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted);

Montgomery v. Pinchak, 294 F.2d 492, 498 (3d Cir. 2002); see

also Speller v. Ciccero, No. 13-1258, 2013 WL 1121377, at *1

(D.N.J. Mar. 12, 2013).

The decision to appoint pro bono counsel involves a two-step analysis.  First, a court must determine as a threshold matter whether plaintiff's claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  If a court finds that the action arguably has merit, it should then consider the following factors (hereafter, the "Tabron/Parham factors"):

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing

Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not

exhaustive, nor is any one factor determinative. Id. at 458.

Rather, the Tabron/Parham factors should serve as a guidepost to

ensure that courts will only appoint counsel in non-frivolous

matters. Id.

If a pro se plaintiff is incarcerated, a court should additionally consider constraints caused by detention, such as whether photocopiers, telephones, and computers are made available to the prisoner plaintiff's use. Tabron, 6 F.3d at 156. This factor weighs against appointing counsel if a court ultimately concludes that a plaintiff has the baseline ability to adequately present his case. See Gordon v. Gonzalez, 232 F. App'x 153, 157 (3d Cir. 2007).

B. Analysis

Plaintiff addresses the Tabron factors in his request. He contends that this case will be legally and factually complex (Compl. 14-15, ECF No. 1); that his ability to investigate is limited because he is incarcerated (Id. at 15); that he is indigent and without legal training (Id.); that his claims are meritorious (Id. at 16); and that the case will likely turn on credibility (Id.).

As an initial matter, this Court notes that indigence is a prerequisite for the appointment of pro bono counsel. See Bagby v. Hooper, No. 16-686, 2016 WL 1046794, at *3 (D.N.J. Mar. 16, 2016) ("Being certified to proceed IFP meets a necessary condition for having counsel appointed . . ."); see also Clinton v. Jersey City Police Dep't, No. 07-5686, 2009 WL 2230938, at *1 (D.N.J. July 24, 2009) (holding that "indigence is a prerequisite for the appointment of counsel"). Here, however,

Plaintiff was denied in forma pauperis status and, thus, has not established his indigence.

Nevertheless, the Court notes that Plaintiff has put forth a cogent argument in support of the appointment of counsel.  He explains that he has only an eight grade education, demonstrates only a third grade reading and writing level, and was assisted in the preparation of his Complaint and other documents by an inmate paralegal.

Additionally, as Plaintiff points out, a "case alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel." Montgomery v. Pinchak, 294 F.3d 492, 502 (3d Cir. 2002).  The Third Circuit explained in Montgomery that deliberate indifference allegations can raise sufficiently complex legal issues because "even where 'the ultimate [legal] issue appears relatively simple ... [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim."' Id. (citing Parham, 126 F.3d at 459)).  Specifically, the plaintiff in Montgomery had difficulty "complying with requirements for formulating discovery requests [which] hindered the presentation of his claim." Id. at 503.

In this case, however, discovery has not yet begun. Accordingly, the true legal and factual complexity of

Plaintiff's claims are unclear; and there is no indication, at
this time, that Plaintiff is hindered in his ability to pursue
necessary factual investigation.  Further, at this early stage
of the litigation, it is difficult to assess the merits of
Plaintiff's claims.  Plaintiff asserts that he will need
assistance at trial but, at this early stage, it is unclear
whether the case will proceed to trial.  Moreover, although he
was assisted by an inmate paralegal, the contours of Plaintiff's
underlying argument are clear and Plaintiff's submissions
reference, with accuracy, relevant case law.  Where, as here,
Defendants have not yet filed a responsive pleading, discovery
has not begun, and the merits and complexity of Plaintiff's
claims are unclear, the appointment of counsel is premature.
After considering the various <u>Tabron</u> factors, the Court will
deny Plaintiff's request at this time.  <u>See, e.g.</u>, <u>Barnes v.
Edwards</u>, No. 13-4239, 2014 WL 3953189, at *2 (D.N.J. Aug. 13,
2014) (denying appointment of pro bono counsel at early stage in
the litigation).  This denial is without prejudice to
Plaintiff's right to seek pro bono counsel at a later date.

## V.   REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff also submits a request for production of
documents with his Complaint. (Compl. 17-21, ECF No. 1), and he
lists the types of documents he seeks from each defendant.
Plaintiff's request is denied as moot because he filed it before

the Court's <u>sua sponte</u> screening of the Complaint, before serving Defendants with the Complaint, and before the commencement of the Court-supervised discovery process. Plaintiff may request discovery directly from Defendants during the discovery process and, if he encounters any difficulties, he may raise these issues with the Court at the appropriate time.

VI.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants Baliki, Soliman, Martin, Correctional Medical Services, Shrager, and Mehta will be dismissed without prejudice from this action pursuant to 28 U.S.C. § 1915A.  Because it is possible that Plaintiff may be able to amend or supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15.[1]  <u>See</u> <u>Denton</u>, 504 U.S. at 34; <u>Grayson</u>, 293 F.3d at 108.

Plaintiff's claims against Defendant Shah and the John Doe defendants will not be dismissed at this time.  Plaintiff's

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. <u>See</u> <u>West Run Student Housing Associates, LLC v. Huntington National Bank</u>, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); <u>see also</u> 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. <u>Id.</u>

request for pro bono counsel is denied; and Plaintiff's request

for the production of documents is denied.

An appropriate Order will be entered.


__s/ Noel L. Hillman___
NOEL L. HILLMAN
United States District Judge


Dated: August 5, 2016

At Camden, New Jersey

18